[No. 23571.   Department One.   April 4, 1932.]

JOE BERBELLS et al., Respondents, v. BERT DAVIS et al., Appellants.[1]

Welsh & Welsh, for appellants.

Gus L. Thacker and John I. O'Phelan, for respondents.

MITCHELL, J.—This action in unlawful detainer was brought by Joe Berbells and wife, the owners of the real property involved, against Bert Davis and wife, who held over and continued in possession of the property after the expiration of the term for which it had been let to them. The action was commenced after the defendants had refused to comply with written notice and demand to quit and surrender possession of the premises.

The complaint was in the usual form in such cases, and alleged damages in the sum of five hundred dollars for the wrongful detention of the property. The answer was a general denial, together with a disclaimer of any right or interest, as tenants or otherwise, in and to the property, subsequent to the expiration of the term of the lease by which they had held possession. The trial by the court, without a jury, resulted in findings, conclusions and judgment for the plaintiffs. The defendants have appealed.

Upon conflicting evidence, it was determined that the appellants unlawfully detained the real property after the expiration of the term for which it was let to them, and that the respondents were entitled to recover possession of it. There was no proof of the value of the use of the property during the period of the unlawful detention of it. Therefore, the nominal amount of one dollar was allowed for that purpose in the judgment. The evidence clearly preponderates in favor of these findings and provisions of the judgment.

But the judgment goes further, and allows respondents the sum of $23.50 as costs in removing appellants' property from the premises to a storage warehouse, and also the sum of $81 storage charges, as to which two latter items in the judgment there was neither pleading, proof, finding of fact, nor conclusion of law.

Reversed and remanded, with directions to the trial court to modify the judgment by striking out the items relating to hauling and storage charges.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.

[1]Reported in 9 P. (2d) 788.